IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TIMOTHY LEE SUNDAY, # 213453, )
)
Petitioner, )
)
v. ) Civil Action No. 3:12cv999-TMH
) (WO)
KENNETH JONES, *et al.* )
)
Respondents. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

This case is before the court on a *pro se* pleading styled by the petitioner, Alabama inmate Timothy Lee Sunday ("Sunday"), as a "Mandamus, Appeal, Motion for Appropriate Relief."[1] Doc. No. 1. Sunday asks this court to exercise its "supervisory powers" to vacate his 1999 conviction and resulting sentence, imposed by the Lee County Circuit Court, on the charge of sexual abuse in the first degree. *Id*. For the reasons that follow, Sunday's pleading is subject to dismissal pursuant to the directives of 28 U.S.C. § 2244(b)(3) as a successive 28 U.S.C. § 2254 petition for habeas corpus relief.

## II. DISCUSSION

In his pleading, Sunday asserts claims attacking the validity and constitutionality of his state conviction and sentence. Because he is in custody pursuant to the state court

[1] Sunday originally filed his pleading on around October 5, 2012, in the United States District Court for the Northern District of Alabama. That court transferred his action to this court in an order dated October 29, 2012. Doc. No. 2.

judgment he attacks, his "Mandamus, Appeal, Motion for Appropriate Relief" is, in substance, a 28 U.S.C. § 2254 petition for habeas corpus relief.[2]  A state prisoner cannot evade the procedural requirements of § 2254 simply by calling his pleadings something else. *See Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011) ("[A]n improper attempt to avoid [the statutory ban on] second-or-successive restrictions . . . is not permitted.").

A review of the records of this court establishes that Sunday has filed four previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his sexual abuse conviction and resulting sentence imposed in 1999 by the Circuit Court of Lee County, Alabama.  *See Sunday v. Mitchem, et al.*, Case No. 3:11cv544-MEF; *Sunday v. Lee Cnty. Circuit Ct., et al.*, Case No. 3:09cv202-MEF; *Sunday v. Lee Cnty. Circuit Ct., et al.*, Case No. 3:07cv723-MEF; and *Sunday v. Ferrell, et al.*, Case No. 3:03cv502-MHT.

In Sunday's initial prior habeas action, this court denied him relief from his conviction and sentence.  *See* Case No. 3:03cv502-MHT, Doc. Nos. 64, 69 & 70.  Specifically, the court determined that the state courts properly adjudicated the merits of Sunday's claims of ineffective assistance of trial/appellate counsel, his challenge to the constitutionality of his sentence, his attack on the trial court's admission of the victim's in-court identification, and his allegation of error with respect to denial of his motion for a judgment of acquittal;

---

[2] "The writ of habeas corpus is a single post-conviction remedy that is governed by both §§ 2241 and 2254, the former section defining the outer parameters of federal courts' authority to decide petitions for habeas corpus, and the latter limiting the courts' authority with respect to a subclass of petitioners – those in custody pursuant to the judgment of a state court. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003)." *Wright v. Indiana*, 263 F. App'x 794, 794 (11th Cir. 2008).

therefore, this court denied Sunday relief on these claims. *Id.*, Doc. No. 64. This court further determined that Sunday had procedurally defaulted his substantive claim regarding prosecutorial misconduct in the presentation of alleged perjured testimony. *Id.* On February 10, 2006, the Eleventh Circuit Court of Appeals affirmed this court's denial of Sunday's habeas petition. *Id.*, Doc. No. 76. The appellate court likewise denied a motion for rehearing filed by Sunday. *Id.*, Doc. No. 77.

This court dismissed Sunday's 2007 (Case No. 3:07cv723-MEF), 2009 (Case No. 3:09cv202-MEF), and 2011 (Case No. 3:11cv544-MEF) civil actions with respect to his claims for habeas corpus relief as successive pursuant to the directives of 28 U.S.C. § 2244(b)(3). Sunday's instant petition is subject to dismissal on the same basis.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) & (C).

It is clear from the pleadings filed herein that Sunday has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to

consider a successive application for habeas relief. "Because this undertaking [is Sunday's fifth applicable] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief (styled by Sunday as a "Mandamus, Appeal, Motion for Appropriate Relief"), Doc. No. 1, be DENIED; and

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Sunday has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before **February 19, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of February, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE